POSTAL TELEGRAPH CABLE CO. v. LIVERMORE & KNIGHT CO.

(District Court, D. Rhode Island. January 15, 1912.)

No. 2,752.

INJUNCTION (§ 121*)—BILL—AMENDMENT.

Where a bill by a telegraph company for an injunction to restrain defendant from publishing and selling for advertising purposes, to be sent through the mails, envelopes resembling those used by complainant in which to deliver its messages, was held demurrable because no actual damages and no substantial ground for apprehension of future damage were alleged, an amendment to supply such allegation should be verified, and the motion for leave should be supported by affidavits setting forth such number of specific instances of loss of patronage and impairment of service as to show that the injury is substantial.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 253–261; Dec. Dig. § 121.*]

In Equity. Suit by the Postal Telegraph Cable Company against the Livermore & Knight Company. On complainant's motion for leave to amend bill. Motion held insufficient.

See, also, 188 Fed. 696.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Edwards & Angell, for complainant.
Comstock & Canning, for respondent.

BROWN, District Judge. By the proposed amendments complainant seeks to add to the bill general allegations of actual loss of patronage and of actual impairment of the efficiency of its service, and thus to meet the objection that the bill is defective in failing to allege that any actual injury had occurred, and also to furnish a basis for a reasonable apprehension of future injury.

If substantial loss of patronage, or substantial impairment of service, had occurred, it is difficult to understand the omission of allegations to this effect and the resting of the case upon mere apprehension of injury rather than upon actual injury that had occurred in the past and was likely to recur in future. In these circumstances not only should the proposed amendments to a sworn bill be supported by oath, but the motion for leave to amend should be supported by affidavits setting forth such number of specific instances of loss of patronage and impairment of service as to show that there is a substantial basis of fact for the allegations that many persons have ceased to use its service, and that the complainant's business has been obstructed as an actual consequence of defendant's acts.

The complainant may, within 20 days, amend its motion and file affidavits in support thereof.